```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK SMITH,

                Petitioner,

      -against-

WILLIAM LEE,

                Respondent.

**ORDER**

12 Civ. 6215 (PGG) (HBP)

PAUL G. GARDEPHE, U.S.D.J.:

      On August 13, 2012, pro se Petitioner Frank Smith filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, seeking to set aside his New York state conviction for robbery in the first degree. (Dkt. No. 1) Smith claims that (1) the trial court abused its discretion when it refused to allow Smith's attorney to re-open a witness's examination so that a proper foundation could be laid for "critical impeachment testimony"; (2) Smith's attorney was ineffective because he failed to lay a proper foundation for the impeachment testimony; and (3) the verdict was against the weight of the evidence. (Id. at 2, 34-50) On January 4, 2013, Respondent filed an opposition to Smith's petition. (Dkt. No. 12) Smith did not file a reply. On January 29, 2013, this Court referred the matter to Magistrate Judge Henry B. Pitman for a Report and Recommendation ("R&R"). (Dkt. No. 14)

      On December 4, 2014, Judge Pitman issued an R&R recommending that this Court deny Smith's petition in its entirety, because (1) Smith did not demonstrate that the trial court committed constitutional error when it denied Smith's application to re-open the witness's testimony; (2) Smith did not demonstrate that his attorney's performance was deficient, and that this deficient performance prejudiced Smith's defense; and (3) a claim that a verdict is against the weight of the evidence is not cognizable in a federal habeas corpus proceeding, and even if

Smith's petition is construed to assert a claim that the evidence was insufficient to sustain the conviction, the claim fails. (Dkt. No. 21) In his R&R, Judge Pitman also informed Petitioner that he had fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, and that failure to do so could result in waiver of review. (Id. at 30-31)

Petitioner has not filed any objections to the R&R. Accordingly, he has waived his right to review by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed Judge Pitman's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

Petitioner's first two claims involve the state trial court's denial of Petitioner's application to re-open a witness's testimony in order to lay a foundation for the admission of extrinsic evidence of that witness's prior inconsistent statement. At trial, Constantine Bernard – the victim of the robbery committed by Petitioner – testified that Petitioner entered his store, demanded money from Bernard, and threatened Bernard by holding a hammer above his head until Bernard gave him $320. (R&R at 3-4 (citing Resp. Answer (Dkt. No. 11), Ex. B (Respondent's Brief to the Appellate Division of the Supreme Court ("Resp. Br.")) at 8-10)[1]

---

[1] Although Judge Pitman notes that "[n]either side has submitted the transcript of petitioner's trial" (R&R at 2 n.1), a transcript of Petitioner's trial is attached to Respondents' Answer. (Resp.

2

Bernard testified that, after the robbery, he called Petitioner's cousin, Michael Gill, to obtain Petitioner's full name. (R&R at 4) Gill was Petitioner's only witness at trial. Defense counsel "sought to elicit testimony from Gill that when Bernard called him, Bernard described the events in his store as an 'altercation' with petitioner rather than as a robbery." (R&R at 5 (citing Resp. Br. (Dkt. No. 11) at 27)) The trial court prohibited defense counsel from introducing such evidence because "defense counsel had failed to confront Bernard with his putatively inconsistent statement." (R&R at 5-6) The trial court "also denied defense counsel's application to reopen Bernard's examination so that a proper foundation could be laid." (R&R at 6)

As Judge Pitman explains in his R&R, the trial court's denial of Petitioner's application to re-open Bernard's examination was not contrary to or an unreasonable application of clearly established federal law. As an initial matter, the Supreme Court "'has never held that the Confrontation Clause entitles a criminal defendant to introduce extrinsic evidence for impeachment purposes.'" (R&R at 13 (quoting Nevada v. Jackson, 133 S. Ct. 1990, 1994 (2013)) (emphasis omitted)) Moreover, "even if the Confrontation Clause can be read to encompass the admission of extrinsic evidence of inconsistent statements . . . trial courts have wide discretion to impose limits on cross-examination." (R&R at 15 (citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); Watson v. Greene, 640 F.3d 501, 510 (2d Cir. 2011))) Judge Pitman assessed the (1) impeachment value of Bernard's putatively inconsistent statement, (2) inconsistencies that already existed in Bernard's testimony, and (3) inefficiencies that would have resulted if Bernard's cross-examination had been re-opened. (R&R at 17-19) Judge Pitman correctly concluded that "the denial of leave to reopen Bernard's cross-examination and

---

Answer (Dkt. No. 11), Supplements 1-2 ("Trial Tr.")) This Court has verified that the facts described in the R&R are consistent with those in the transcript of Petitioner's state court proceeding.

the consequent exclusion of Bernard's prior statement did not deprive petitioner of a fair trial[,] because the admission of Bernard's prior statement would not have created a reasonable doubt that otherwise would not have existed." (R&R at 17) This Court agrees that "[t]he Appellate Division's decision rejecting [Petitioner's] claim was correct and, at the very least, well within the range of reasonableness." (R&R at 19-20)

Judge Pitman likewise committed no error in finding that Petitioner's ineffective assistance of counsel claim lacks merit. Judge Pitman concluded that, "[e]ven if [the court] make[s] the generous assumption that counsel's performance was sufficiently wanting to satisfy the first prong of the . . . test [set forth in Strickland v. Washington, 466 U.S. 668 (1984),] the Appellate Division's determination that petitioner has failed to demonstrate prejudice was comfortably within the range of reasonableness." (R&R at 22) "Given the other inconsistencies with which Bernard was impeached, the utility of his alleged statement to Gill was de minimis." (R&R at 22) This Court agrees that Petitioner has not established that he suffered any prejudice as a result of his attorney's alleged ineffective assistance.

Finally, Judge Pitman correctly concluded that Petitioner's claim that the state court verdict was against the weight of the evidence "is purely a state law claim that is not cognizable in a federal habeas corpus proceeding[.]" (R&R at 23 (quoting Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001)) (citations omitted)) This Court also agrees that even if the petition is construed to assert a claim that the evidence was insufficient to sustain Petitioner's conviction, that claim fails. Given that a petitioner faces a "heavy burden" in asserting such a claim (R&R at 24 (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)), Judge Pitman committed no clear error in finding that "Petitioner has failed to establish that no

reasonable jury could have found the elements of robbery in the first degree proven beyond a reasonable doubt." (R&R at 26)

Accordingly, this Court hereby adopts Magistrate Judge Pitman's R&R in its entirety and, for the reasons stated therein, denies Smith's petition with prejudice. Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253. This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a non-frivolous issue). The Clerk of the Court is directed to terminate any outstanding motions and to close this case.

Dated: New York, New York
       August 21, 2015

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge